**JOHNSON v. HIATT, Warden.**

No. 201.

District Court, M. D. Pennsylvania.

June 6, 1947.

Petitioner pro se.

FOLLMER, District Judge.

Henry B. Johnson, the petitioner, a military prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, has filed his application in forma pauperis for a writ of habeas corpus.

The petition was ambiguous and this Court in order that it might have sufficient facts before it for a proper determination, directed the petitioner to supplement his petition with additional information.[1]

On such petition and the additional information so submitted it now appears that he was convicted by general Court-Martial on May 30, 1942, at San Jaun, Puerto Rico, under Article of War 93, 10 U.S.C.A. § 1565, upon a charge of forgery. The Board of Review on July 27, 1942, remitted two years of the original nine year sentence, so that his sentence as approved included, inter alia, a term of seven years, and a penitentiary was designated as the place of confinement. After a short period in a military stockade he was, on August 25, 1942, committed to the United States Penitentiary at Atlanta, Georgia. The term of imprisonment was subsequently reduced at an "annual review" in April, 1946, to five and one-half years.[2] Having earned "good time" he was conditionally released on parole on May 29, 1946, under the provisions of 18 U.S.C.A. § 716b[3] and subsequently, while thus on parole, he was adjudged a conditional release parole violator by the Parole Board and was committed to the United States Penitentiary, Lewisburg, Pennsyl-

---

[1] The petitioner having stressed that he was a layman and having requested the court to overlook errors in the petition, opportunity was thus afforded petitioner to supply additional material facts mentioned in the order.

[2] The petitioner alleges that his "sentence of seven (7) years was reduced at his annual review by the Adjutant General's Office, War Department, Washington, D. C. in April 1946 to five and one half 5½ years."

[3] The petitioner alleges, "He was released May 29, 1946 with maximum sentence served less good time allowed, which was 549 days. * * * told to report to the United States Probation Officer and to be on conditional release for 549 days

vania, for the balance of his maximum five and one-half year term.[4]

It is his contention that the parole provisions of 18 U.S.C.A. § 716b are not applicable to military prisoners even though the military authorities in connection with the sentence have designated the penitentiary as the place of confinement and that therefore he is now entitled to release from his present confinement in the United States Penitentiary at Lewisburg, Pennsylvania.

■ The offense of which the petitioner was convicted in a military court involved the crime of forgery[5] and the military authorities could therefore in connection with the sentence properly designate that the service thereof should be in a United States Penitentiary.[6]

■ This Court under such circumstances has ruled several times[7] that even though the effect of a penitentiary sentence would be that the prisoner would have less good time deduction than provided under Army Regulations for disciplinary barracks and even though by reason thereof he would be on parole during the period of release under good time deduction, whereas there is no such provision in connection with what is commonly designated "Military Good Time," nevertheless these would be incidental results of and form a part of and be the effect of the sentence as imposed.

■ The statutory provisions authorizing service of a military sentence in a United States Penitentiary[8] and the Army Regulations which provide for the same allowance for good time to which civil prisoners are entitled[9] compel the conclusion that all provisions of law, including the provisions of 18 U.S.C.A. § 716b applicable to civil prisoners, apply equally to military prisoners confined in a penitentiary[10] except insofar as excepted by statute.[11]

The petition for a writ of habeas corpus is accordingly denied.

---

or the full maximum sentence of five and one half (5½) years."

And in his supplement to the petition he further states, "Your petitioner was released May 29, 1946 from United States Penitentiary, Atlanta, Georgia, and ordered to report to United States Probation Officer, Southern District of New York, Foley Square, New York City and placed on Conditional Release (Parole) for 549 days."

[4] The petitioner in his supplemental petition alleges, "Your petitioner was judged as Conditional Release Violator and a warrant was issued August 30, 1946. This Conditional Release warrant was executed March 15, 1947 * * *." "Petitioner * * * was committed to the United States Penitentiary, Lewisburg, Pennsylvania March 21, 1947 to serve 549 days as a Conditional Release Violator."

[5] Title 22, District of Columbia Code, § 1401 provides a maximum sentence of ten years for forgery.

[6] 10 U.S.C.A. § 1513, Article of War 42; 10 U.S.C.A. § 1452; Manual for Courts-Martial, U. S. Army, 1928 (Corrected to April 20, 1943), paragraph 90, page 80; Ex parte Givins, D.C.Ga., 1920, 262 F. 702, affirmed 255 U.S. 11, 41 S. Ct. 227, 65 L.Ed. 475; Fitch v. Hiatt, D.C.M.D.Pa., 1942, 48 F.Supp. 388.

[7] Fitch v. Hiatt, supra; Innes v. Hiatt, D.C.M.D.Pa., 57 F.Supp. 17.

[8] 10 U.S.C.A. 1513, Article of War 42; 10 U.S.C.A. § 1452.

[9] Sec. 9 of Army Regulations 600-415 discussed by this Court in Fitch v. Hiatt, supra.

[10] Fitch v. Hiatt, supra; Innes v. Hiatt, supra.

[11] e. g. 10 U.S.C.A. § 1457a.