## JACKSON v. HUMPHREY.

No. 247.

United States District Court
M. D. Pennsylvania.

Aug. 25, 1950.

Petitioner pro se.

Arthur A. Maguire, United States Attorney, Scranton, Pa., Charles W. Kalp, Assistant United States Attorney, Lewisburg, Pa., for respondent.

FOLLMER, District Judge.

Petitioner is a military prisoner who was sentenced by a General Court-Martial and committed to the United States Penitentiary, Atlanta, Georgia. On May 1, 1950, he was conditionally released from that institution. While under parole on such conditional release a parole violation warrant was issued against him on June 9, 1950, pursuant to which he was committed to the United States Penitentiary, Lewisburg, Pennsylvania, on July 5, 1950.

His contentions are that since he was a military prisoner he was not subject to the jurisdiction of the Parole Board, and that the Board of Parole had no basis for revoking his parole.

■ His first contention is without merit. A prisoner sentenced by a General Court-Martial and committed to a penitentiary, who is subsequently conditionally released, is on parole and subject to the provisions of 18 U.S.C.A. §§ 4201–4207.[1] As to his second contention, the uncontradicted facts appearing from the Petition, "Amendment and Supplement" to the Petition, the Response, the Traverse, and the "Supplement and Amendment" to the Traverse, are that a parole warrant issued predicated upon the fact that Jackson was then serving a thirty day sentence for assault. A petition for Writ of Habeas Corpus by Jackson on this conviction was then pending. In accordance with 18 U.S.C.A. § 4207, the petitioner was then given an opportunity to appear before a member of the Board of Parole, at which time it appeared that the thirty day sentence had been vacated by reason of the Habeas Corpus proceeding, but he admitted that he was again found guilty and sentenced to five days.

■ We are not here concerned with arbitrary and capricious action by the Parole

---

1. Johnson v. Hiatt, D.C.M.D.Pa., 71 F. Supp. 865, affirmed 3 Cir., 163 F.2d 1018, certiorari denied 333 U.S. 829, 68 S.Ct. 446, 92 L.Ed. 1114.

Board. The Board had and now has sufficient facts before it upon which it could exercise its discretion. With that exercise of discretion this Court does not interfere.[2]

An Order will be entered in accordance with this Opinion.

### Order

For the reasons set forth in Opinion this day filed, it is ordered and decreed that the petition of William H. Jackson for Writ of Habeas Corpus be and the same is hereby denied, and the Rule to Show Cause discharged.

2. Hiatt v. Compagna, 5 Cir., 178 F.2d 42.