## McKNIGHT v. HUNTER.
### No. 1593 H. C.

United States District Court
D. Kansas.

Aug. 2, 1951.

Charles E. Burkin, Jr., Kansas City, Kan., for petitioner.

Malcolm Miller, Asst. U. S. Atty., Topeka, Kan., for respondent.

MELLOTT, Chief Judge.

Petitioner was convicted upon trial before a general court-martial and on Janua-

ry 23, 1945, was sentenced "to be dishonorably discharged from the service, to forfeit all pay and allowances due or to become due, and to be confined at hard labor, at such place as the reviewing authority may direct, for twenty (20) years." The United States Penitentiary, McNeil Island, Washington, was designated as the place of confinement. Subsequently, petitioner was transferred to the United States Penitentiary, Alcatraz, California, and later to the United States Penitentiary at Leavenworth, Kansas. His sentence was ultimately reduced to eight years, under which his release date was March 11, 1953.

On December 24, 1950, petitioner, having been given the good time allowances provided for under Title 18 U.S.C.A. Ch. 309, was released, subject to the provisions of Title 18 U.S.C.A. § 4164. On February 15, 1951, within the maximum term of his sentence as reduced, a warrant was issued for his apprehension as a conditional release violator and he was returned to the custody of the respondent warden to complete his sentence, pursuant to a certificate of revocation duly issued following a hearing before the United States Board of Parole.

Petitioner contends that the statutes governing parole conditions of United States prisoners in Federal penitentiaries do not apply to him as "an Army Prisoner, convicted by a court-martial;" that he "has served his legal sentence and has his discharge signed and delivered;" and that he "is now being unlawfully detained." Following a full hearing before the court, at which petitioner was represented by court-appointed counsel, leave was given to file briefs. Brief was filed by petitioner *pro se,* which, together with brief filed in behalf of the respondent, has now been examined by the court.

Petitioner's argument proceeds as follows: Purporting to quote subdivision (e) of Article of War No. 2, Title 10 U.S.C.A. § 1473, including within the classes of persons subject to the Articles of War "all persons under sentence adjudged by courts-martial," he says: "In accordance with such authority we are faced with the fact, the army having jurisdiction of the prisoner and the subject matter, how can the civil authorities *without* duly constituted authority purport to order the arrest and return to confinement of a prisoner for (conditional release violation) when in effect they have no authority to extend the term of his sentence beyond the limits set by the court martial of the Army which body still retains original jurisdiction?"

Part of petitioner's difficulty seems to stem from his inaccurate quotation of the statute. He makes it read: "All persons under sentence adjudged by court-martial remain subject to military law while under such sentence." While the statement is not entirely wrong and persons under sentence adjudged by courts-martial are included within the persons subject to the Articles of War, there are other sections of the statute which, in the court's judgment, have more pertinency. Thus Title 10 U.S.C.A. § 1452 specifically authorized petitioner's sentence to a penitentiary of the United States. For a full discussion of this section and related statutes see Kelly v. Hunter, D.C.Kan., 80 F.Supp. 851. See also Green v. Schilder, 10 Cir., 162 F.2d 803. Being legally confined in that institution, it was proper for the custodial officers to give him the benefit of the good time allowances specified in the statutes. Having done so, and petitioner having been released before the expiration of his term, he was properly "treated as if released on parole," was "subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms for which he was sentenced", Title 18 U.S.C.A. § 4164, was properly retaken into custody, and is now legally detained by the respondent warden. Cf. Johnson v. Hiatt, D.C. M.D.Pa., 71 F.Supp. 865, affirmed 3 Cir., 163 F.2d 1018, certiorari denied 333 U.S. 829, 68 S.Ct. 446, 92 L.Ed. 1114; Fitch v. Hiatt, D.C.M.D.Pa., 48 F.Supp. 388; Innes v. Hiatt, D.C.M.D.Pa., 57 F.Supp. 17; Jackson v. Humphrey, D.C.M.D.Pa., 92 F.Supp. 635, affirmed 3 Cir., 185 F.2d 407.

Order is this date being signed dismissing the petition for a writ of habeas corpus, quashing the writ and remanding petitioner to the custody of the respondent warden.