O'CONNOR v. HUNTER, Warden, United States Penitentiary, Leavenworth, Kansas.

No. 4280.

United States Court of Appeals Tenth Circuit.

Oct. 20, 1951.

Everett Fritz, Kansas City, Kan., for appellant.

Lester Luther, U. S. Atty., Eugene W. Davis, Asst. U. S. Atty., and Malcolm Miller, Asst. U. S. Atty., all of Topeka, Kan., for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order dismissing an application for a writ of habeas corpus filed by O'Connor,[1] and discharging a writ previously issued. At the time of the hearing below Petitioner was confined in the United States Penitentiary at Leavenworth, Kansas, under a sentence imposed by a civil criminal court. He had theretofore been confined in military institutions and in civil penal institutions under a sentence imposed by a court-martial. He asserts that with the proper computation of good time earned during confinement under the two sentences he is entitled to conditional release. Petitioner contends that he is entitled to good time allowance during his entire confinement under the court-martial sentence, computed at the rate provided for in Army Regulation 600-375 for military prisoners confined in military institutions. The respondent contends that Petitioner is only entitled to good time allowance during the portion of such con-

finement served in civil penal institutions, computed at the rate provided by 18 U.S. C.A. § 4161.

Since, in our opinion, the determination of the amount of good time earned while confined under the court-martial sentence will be dispositive of the case, we deem it unnecessary to consider an alternative defense presented by the respondent.

The facts are not in dispute. On May 24, 1945, while a soldier, Petitioner was tried and convicted by a general court-martial of robbery and desertion and was sentenced to be dishonorably discharged, to lose all pay and allowances, and to be confined at hard labor, as finally reduced, for six years. The Federal Reformatory[2] at Chillicothe, Ohio, was designated by the reviewing authority as his place of confinement. He began service of that sentence on May 24, 1945. He served from that date to July 5, 1945, under military custody. From the latter date to February 24, 1949, except during a period he was at large after escape, he was confined in civil penal institutions. From February 25, 1949, to November 16, 1949, he was confined at the United States Disciplinary Barracks.[3]

In 1947 he escaped, was apprehended, tried and convicted under 18 U.S.C. § 753h (1940 Ed.)[4] for said escape and sentenced to two years imprisonment, to run consecutively with, and commence at the expiration of the military sentence. Since November 16, 1949, he has been confined in the United States Penitentiary at Leavenworth, Kansas, under the civil sentence.

The trial court held that Petitioner's good time while confined in civil institutions had been properly computed at the statutory rate; while under military control before confinement in the Federal Reformatory and while confined in the Disciplinary Barracks, at the military rate; and that Petitioner had not completed the service of his civil sentence.

In dismissing the petition the lower court released Petitioner upon his own recogni-

---

1. Hereinafter called Petitioner.

2. A civil reformatory under the jurisdiction of the Bureau of Prisons, Department of Justice.

3. A military institution at Fort Leavenworth, Kansas.

4. Revised Criminal Code 1948, 18 U.S.C.A. § 751.

zance, pending this appeal, since Petitioner's sentence would otherwise expire before the case could be heard and disposed of on appeal.

The amount of good time to which Petitioner was entitled while serving his military sentence must be determined under Army Regulation 600–375. That Regulation specifically provides that the military rate provided therein shall only apply to "General prisoners, other than those confined in Federal Institutions * * *," and that "A general prisoner who is transferred to a Federal institution * * * will retain to his credit the good conduct time earned under Army Regulations before arrival at the institution and thereafter will be credited with such good conduct time as he may earn under regulations governing the institution, * * *."[5] The term "Federal institution" as used in the Regulation means a civil penal institution, as distinguished from an institution under military control. It embraces not only penitentiaries, but all civil penal institutions.

We are of the opinion that Petitioner's good time during the period he was confined under the military sentence has been computed in accordance with the provisions of such Regulation. We think it clear that when the court-martial designates a civil penal institution as the place of confinement under a military sentence, the prisoner is entitled only to good time allowance during periods of service in civil penal institutions at the statutory rate fixed for such institutions.

The contention that because Petitioner was sentenced by a court-martial, the use of any rate for computing good time that is smaller than the military rate results in an increase in Petitioner's sentence is without merit in this case. Under Article of War 42, 10 U.S.C.A. § 1513, it was proper for the court-martial and reviewing authority to designate a United States Reformatory as Petitioner's place of confinement. Such designation was made;

and Petitioner has been given the full amount of good time deduction authorized by the Regulation as it existed, both at the time the military sentence was imposed, and also after the amendment to the Regulation, for a prisoner whose place of confinement was so designated.

The order dismissing the application for the writ is affirmed and the cause remanded to the district court with instructions to order the Petitioner's return to the custody of respondent and to issue any appropriate process necessary to effectuate such order.

---

5. This regulation was amended May 17, 1948, by adding after the clause "A general prisoner who is transferred to a Federal institution" the words "which has originally been designated as the place of confinement."