**JONES v. LOONEY.**

Civ. No. 11313.

United States District Court
E. D. Michigan.

Aug. 18, 1952.

· Thomas H. Gallagher, Detroit, Mich., for petitioner.

Philip A. Hart, U. S. Atty., Eastern District of Michigan, Detroit, Mich., Vincent Fordell, Asst. U. S. Atty., Detroit, Mich.,

Burton K. Philips, Lieutenant Colonel, Judge Advocate General's Corps, Department of the Army, Richard M. Furlaud, First Lieutenant, Judge Advocate General's Corps Department of the Army, Washington, D. C., for respondent.

THORNTON, District Judge.

### Findings of Fact

#### I

The jurisdiction of this Court arises under Section 2241, Title 28 U.S.C.A., in that the petitioner, under and by color of the authority of the United States is in the custody of C. H. Looney, Warden, United States Correctional Institution, Milan, Michigan, pursuant to a sentence by a court-martial for escape from confinement, robbery and wrongfully taking and using an automobile, the property of the United States.

#### II

Respondent C. H. Looney is the Warden of the United States Correctional Institution at Milan, Michigan, and the person exercising general custodial authority over said institution and over the person of the petitioner herein.

#### III

Petitioner was born on July 13, 1921. He enlisted in the National Guard of Texas on November 23, 1940 and was inducted into the Federal Service on November 25, 1940, receiving service No. 20819593. On January 8, 1943 petitioner was convicted by general court-martial of desertion in violation of Article of War 58, 10 U.S.C.A. § 1530, two offenses of absence without leave in violation of Article of War 61, 10 U.S.C.A. § 1533, escape from confinement in violation of Article of War 69, 10 U.S.C.A. § 1541 and breaking restriction in violation of Article of War 96, 10 U.S.C.A. § 1568. For these offenses he was sentenced to be dishonorably discharged, to forfeit all pay and allowances due or becoming due and to ·be confined at hard labor for 20 years. The reviewing authority approved the sentence but reduced the period of confinement to ten years and the United States Disciplinary Barracks, Fort Leavenworth, Kansas, was designated as the place of confinement.

## IV

On October 21, 1944, while held at Southern Branch, United States Disciplinary Barracks, Camp Hood, Texas, awaiting transportation to the United States Disciplinary Barracks, Fort Leavenworth, Kansas, petitioner escaped from confinement. He was apprehended and returned to military control on July 9, 1945 on which date he was again confined at the Southern Branch, United States Disciplinary Barracks, Camp Hood, Texas.

## V

On August 7, 1945, petitioner was tried by general court-martial and convicted of escape from confinement in violation of Article of War 69, supra, robbery in violation of Article of War 93, 10 U.S.C.A. § 1565, and the wrongful taking and using of an automobile, the property of the United States in violation of Article of War 96, supra. For these offenses, petitioner was sentenced to confinement for ten years at such place as the reviewing authority might direct. After appellate review had been completed, the Federal Reformatory at El Reno, Oklahoma, was designated as the place of confinement.

## VI

Petitioner, however, was temporarily detained at Southern Branch, United States Disciplinary Barracks, Camp Hood, Texas, pending the administrative remission of his previous sentence. On October 30, 1945, the unexecuted portion of the sentence to confinement imposed by the reviewing authority as the result of the trial by court-martial of the petitioner on January 8, 1943 was remitted by order of the secretary of war. On October 30, 1945, petitioner began serving the sentence which was imposed as the result of petitioner's conviction by the court-martial which tried him on August 7, 1945.

On November 5, 1945, while he was still in confinement at Southern Branch, United States Disciplinary Barracks, Camp Hood, Texas, awaiting transfer to the Federal Reformatory, El Reno, Oklahoma, petitioner again escaped from confinement. While in escape, petitioner committed a civil offense pursuant to which he was sentenced by a civil court to confinement for the period of two and a half years and was confined at the United States Penitentiary, Leavenworth, Kansas. This sentence expired on September 5, 1948. From November 5, 1945 until September 5, 1948 (1,034 days), petitioner received no credit for service of his military sentence. On September 5, 1948, petitioner resumed the service of his court-martial sentence but, as the place of confinement originally designated for the service of this sentence was a Federal reformatory, he remained under the jurisdiction of the Bureau of Prisons, Department of Justice. The place of confinement originally designated was changed to the United States Penitentiary, Leavenworth, Kansas, by General Court-Martial Order No. 163, dated September 7, 1948.

## VIII

On August 30, 1950, petitioner was removed to the United States Disciplinary Barracks, Fort Leavenworth, Kansas, for temporary administrative purposes. On January 8, 1950, petitioner was returned to the Warden, United States Penitentiary, Leavenworth, Kansas, and was transported to the Federal Correctional Institution, Milan, Michigan, arriving on January 16, 1951, where he is now confined in the custody of the respondent. The current expiration date of the petitioner's sentence is July 13, 1953, subject to good behavior. Petitioner is earning good time allowances at the rate provided by Chapter 309, Title 18, United States Code.

## Conclusions of Law

From the foregoing findings of fact, the Court concludes as a matter of law.

### I

That this Court has jurisdiction of the subject matter of the case, and of the respondent, C. H. Looney, Warden, United States Correctional Institution, Milan, Michigan.

### II

That the petitioner was lawfully inducted into the Army of the United States on November 25, 1940, and on that date became subject to the Articles of War, Section 1, Chapter II, Act of June 4, 1920, 41

Stat. 737, as amended, 10 U.S.C.A. § 1471 et seq.

### III

That the general courts-martial which tried petitioner on January 8, 1943 for desertion under Article of War 58, 10 U.S.C.A. § 1530, two offenses of absence without leave under Article of War 61, 10 U.S.C.A. § 1533, escape from confinement under Article of War 69, 10 U.S.C.A. § 1541, and breaking restriction in violation of Article of War 96, 10 U.S.C.A. § 1568, and on August 7, 1945 for escape from confinement under Article of War 69, supra, robbery under Article of War 93, 10 U.S. C.A. § 1565, and wrongful taking and using of an automobile, the property of the United States in violation of Article of War 96, supra were legally constituted, had jurisdiction of the petitioner and of the offenses, and rendered sentences within the maximum allowable for the offenses for which petitioner had been found guilty.

### IV

That the designation by the military authorities of the Federal Reformatory, El Reno, Oklahoma, as the place where the petitioner would serve the sentence imposed upon as a result of his conviction by the court-martial which tried him on August 7, 1945 was in accordance with existing law, Article of War 42, 10 U.S.C.A. § 1513, the Manual for Courts-Martial, United States Army, 1928, paragraph 90b, Executive Order No. 4773, November 29, 1927, and applicable Army Regulations (paragraph 5, Army Regulations No. 600–375, dated May 17, 1943, paragraph 11c (2) War Department Circular No. 229, June 8, 1944). O'Connor v. Hunter, 10 Cir., 1951, 192 F. 2d 179; Kelly v. Hunter, D.C.Kan.1949, 80 F.Supp. 851.

### V

That the place of petitioner's confinement having been lawfully designated as a Federal reformatory, the Attorney General was authorized, by Section 7 of the Act of May 14, 1930, 46 Stat. 326, amended by the acts of June 14, 1941, 55 Stat. 252, and October 21, 1941, 55 Stat. 743, revised, codified and enacted into positive law by the act of June 25, 1948, 62 Stat. 683, 850, as section 4082, Title 18 United States Code, to transfer petitioner to any Federal penal or correctional institution other than an institution which is a penitentiary within the meaning of Article of War 42, supra. That the United States Correctional Institution, Milan, Michigan, where the petitioner is now confined, is not a penitentiary within the meaning of Article of War 42, supra, and, accordingly, the petitioner's transfer to such correctional institution was authorized by law.

### VI

That petitioner, whose original designation of a place of confinement pursuant to his conviction as a result of his trial by court-martial on August 7, 1945, was a Federal institution is subject to all the provisions of Chapter 309, Title 18 United States Code, and to other laws applying to Federal prisoners, to the same extent as though he had been confined in such an institution as the result of a conviction by civil court, i. e., Fitch v. Hiatt, D.C.N.D.Pa.1942, 48 F. Supp. 388, 390; O'Connor v. Hunter, supra; Johnson v. Hiatt, D.C.N.D.Pa.1947, 71 F. Supp. 865, affirmed, 3 Cir., 163 F.2d 1018; O'Malley v. Hiatt, D.C.N.D.Pa.1947, 74 F. Supp. 44; McKnight v. Hunter, D.C.N.D. Kan.1951, 98 F.Supp. 605 and, accordingly, that petitioner is subject by law to all the statutes and regulations governing the good time allowances and parole of other persons confined in Federal penal or correctional institutions.

### VII

That a petitioner in a *habeas corpus* proceeding is not entitled to enlargement merely because the place of his confinement is not authorized by law and that he is entitled only to the designation of a proper place of confinement. Givens v. Zerbst, 1921, 255 U.S. 11, 41 S.Ct. 227, 65 L.Ed. 475; Kelly v. Hunter, supra. Accordingly, even if this petitioner's place of confinement were unauthorized by law, he would not be entitled to the enlargement which he seeks.

### VIII

That the petitioner is lawfully in the custody of the respondent and is not being unlawfully restrained of his liberty or unlawfully restrained by C. H. Looney, Warden,

628

United States Correctional Institution, Milan, Michigan.

### IX.

That the petitioner is not entitled to the writ of *habeas corpus* prayed for, and the respondent is entitled to the judgment of this Court discharging the writ of *habeas corpus* and remanding the petitioner to the custody of the respondent.