**Daniel L. BATES, Appellant,**

v.

**Fred T. WILKINSON, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.**

**No. 17685.**

United States Court of Appeals Fifth Circuit.

June 23, 1959.

Daniel L. Bates, in pro. per. for appellant.

Charles D. Read, Jr., Acting U. S. Atty., E. Ralph Ivey, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before RIVES, CAMERON and JONES, Circuit Judges.

RIVES, Circuit Judge.

Petitioner was convicted by a military court martial on March 28, 1945, and sentenced to serve a term of thirteen years. He was designated by military authorities to be imprisoned in a federal penal institution in accordance with existing law.[1] Later, petitioner having earned good time allowances was released as a parolee,[2] and while on conditional release he committed a crime in Ohio and was tried and sentenced to a term of one to twenty years by an Ohio state court. While in the Ohio penitentiary, a warrant was filed against him by the United States Board of Parole charging him with conditional release violation, and, thereafter, upon his release from the Ohio prison, he was turned over to the federal authorities to serve the remainder of his court martial sentence.

Petitioner's sole contention in this Court is that the United States Board of Parole had no jurisdiction over petitioner after his release from federal prison, because petitioner, as a military prisoner sentenced in a military court, was not subject to conditional release rules. In other words, petitioner says that he is a victim of unconstitutional discrimination because military prisoners who are confined in military disciplinary barracks and who earn "good time allowances" are given early releases which are unconditional in nature, while military prisoners who are confined in federal penal institutions get conditional releases for earned good time. Petitioner says the effect of this is that military prisoners who are confined in federal prisons have to serve constructively the whole sentence while those confined in disciplinary barracks do not.

It has long been established that military prisoners may properly be confined in federal institutions and when so confined are subject to all laws pertaining to federal prisoners to the same extent as though the conviction had been by civil court, even though the system of parole and the computation of credits for "good conduct time" are harsher or different for prisoners confined in disciplinary barracks.[3] Conceding these authorities, petitioner still contends that as a military prisoner he is the victim of unconstitutional discrimination, invoking, no doubt, the "due process" clause of the Fifth Amendment.

An almost analogous question has been answered by this Court in Aderhold v. Lee, 5 Cir., 1934, 68 F.2d 824, 825–826. In that case, the two petitioners were convicted of murder in the District of Columbia and were sentenced to imprisonment for twenty and twenty-five years. On designation by the Attorney General, both prisoners were committed to the Atlanta Penitentiary. Prisoners in the District of Columbia could apply for parole after serving one-fifth of their sentences while those in other federal prisons had to serve one-third of their sentences. In refusing to transfer the prisoners to the District of Columbia and in upholding the constitutionality of the imprisonment, this Court stated:

"* * * No provision of the Constitution requires Congress to make any parole provisions at all, nor to make the same ones for all penal institutions or for all prisoners, although of course the provisions made ought to be fairly and equally administered. No doubt the Attorney General can transfer the

1. See former Article of War 42, 1940 ed., 10 U.S.C.A. §§ 1513, 1452; 1952 ed., 10 U.S.C.A. § 858. A United States penitentiary is a proper place of confinement, 18 U.S.C.A. § 4083, and the designation of the penitentiary is by the Attorney General, 18 U.S.C.A. § 4082.

2. See 1940 ed., 18 U.S.C.A. §§ 710, 710a, 716, 716a, 716b; 1952 ed., 18 U.S.C.A. §§ 4161, 4164, 4203.

3. Jones v. Looney, D.C.E.D.Mich.1952, 107 F.Supp. 624; Fitch v. Hiatt, D.C. M.D.Pa.1942, 48 F.Supp. 388, 389; Johnson v. Hiatt, D.C.M.D.Pa.1947, 71 F.Supp. 865, affirmed per curiam, 3 Cir., 163 F.2d 1018. See also, Innes v. Hiatt, D.C.M.D.Pa.1944, 57 F.Supp. 17; O'Connor v. Hunter, 10 Cir., 1951, 192 F.2d 179; Jackson v. Humphrey, D.C. M.D.Pa.1950, 92 F.Supp. 635; McKnight v. Hunter, D.C.Kan.1951, 98 F.Supp. 605.

applicants to an institution of the District of Columbia, but the courts have no authority to require it * * *. Neither applicant is in our judgment unlawfully imprisoned or has been unlawfully deprived of any liberty, and both should be remanded to the custody of the warden of the Atlanta Penitentiary." Aderhold v. Lee, supra, 68 F.2d at pages 825–826.

See also Ex parte Givins, D.C.N.D.Ga. 1920, 262 F. 702, 706–707. Furthermore, the statute authorizing the Attorney General to designate places of confinement of federal prisoners [then, 18 U.S. C. (1940 ed.) § 753f, now, 18 U.S.C. §§ 4082, 4083] was held not to violate the Fifth Amendment in Stewart v. Johnston, 9 Cir., 1938, 97 F.2d 548.

In Ex parte Karstendick, 1876, 93 U. S. 396, 400, 23 L.Ed. 889, the Court stated:

"It is conceded that Congress has the power to provide that persons convicted of crimes against the United States in one State may be imprisoned in another. Congress can cause a prison to be erected at any place within the jurisdiction of the United States, and direct that all persons sentenced to imprisonment under the laws of the United States shall be confined there; or it may arrange with a single State for the use of its prisons, and require the courts of the United States to execute their sentences of imprisonment in them. All this is left to the discretion of the legislative department of the government, and is beyond the control of the courts."

4. See 10 U.S.C.A. § 858. Before the enactment of 10 U.S.C.A. § 858, the Secretary of War was authorized under 10 U.S.C. (1940 ed.) § 1457b, now 10 U.S. C.A. §§ 3663, 8663, to establish a system of parole for prisoners confined in United States disciplinary barracks and had done so in AR 600–415. Paragraph 9 of that AR provides for good conduct time as provided by AR 600–375, Sec. 1, Para. 15f

 We do not hold that under all circumstances a certain prisoner who receives a longer or more harsh sentence or a longer time in prison than other prisoners of his class may never be the subject of unconstitutional discrimination. But, here, the petitioner was treated as any other military prisoner who is confined in a federal prison, being subject to the advantages and disadvantages of the civilian prison.[4] The judgment is therefore

Affirmed.

(1). The latter AR specifically excludes the good conduct time from being computed on prisoners confined in federal institutions. The courts have held that such prisoners were subject to all laws applying to federal prisoners as though the confinement was a result of a conviction by a civil court. See cases in note 3, supra.