James V. **KUYKENDALL**, Appellant,

v.

J. C. **TAYLOR**, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 6561.

United States Court of Appeals
Tenth Circuit.

Dec. 7, 1960.

Roy Cook, Kansas City, Kan., for appellant.

Wilbur G. Leonard, U. S. Atty., Topeka, Kan., filed brief on behalf of appellee.

Before MURRAH, Chief Judge, LEWIS, Circuit Judge, and RICE, District Judge.

LEWIS, Circuit Judge.

This appeal is taken from an order of the District Court for the District of Kansas denying appellant any relief by habeas corpus. Appellant sought discharge from the United States Penitentiary at Leavenworth, Kansas, where he is presently confined.

After conviction by a naval general court martial for several serious military offenses carrying the potential of a death sentence appellant received sentence in 1945 which included confinement for the rest of his natural life. The place of confinement was designated as the United States Naval Disciplinary Barracks, Naval Operating Base, Terminal Island, San Pedro, California. By subsequent orders made by naval authority, the sentence was reduced to a term of years (not yet expired) and direction given that appellant be confined in a penitentiary type institution. His transfer to Leavenworth followed. He now contends that the naval reviewing authority was without power to change the

originally designated place of confinement and that his present confinement is thus unlawful.

We have earlier considered the identical contention made by appellant and determined it to be without merit. In Yates v. Hunter, 10 Cir., 174 F.2d 347, we noted the broad power granted naval authority in the execution of a lawful sentence and held that it included the re-designation of the place of confinement when the offense was such as to allow sentence under Article 7 of the Articles for the Government of the Navy, 34 U.S. C.A. § 1200,* also in effect when appellant was transferred. This section provided:

"Imprisonment in lieu of death. A naval court-martial may adjudge the punishment of imprisonment for life, or for a stated term, at hard labor, in any case where it is authorized to adjudge the punishment of death; and such sentences of imprisonment and hard labor may be carried into execution in any prison or penitentiary under the control of the United States, * * *."

Appellant also contends, but for the first time on appeal, that his present confinement is in violation of Article 12, Uniform Code of Military Justice, 10 U.S.C.A. § 812, which states:

"No member of the armed forces may be placed in confinement in immediate association with enemy prisoners or other foreign nationals not members of the armed forces."

■■ The record does not support appellant's factual claim in this regard for it does not reveal that appellant is presently confined or ever has been confined "in immediate association with enemy prisoners or other foreign nationals not members of the armed forces." The heart of this prohibition lies in the words "in immediate association" and is not necessarily violated by the general confinement of the designated classes of prisoners within the same institution.

Affirmed.