James A. **BULLOCK**, Petitioner,

v.

**Olin G. BLACKWELL**, Warden, United State Penitentiary, Alcatraz, California, Respondent.

Civ. No. 40937.

United States District Court
N. D. California, S. D.

Sept. 28, 1962.

James A. Bullock, petitioner, in pro. per.

Cecil F. Poole, U. S. Atty., Jerrold M. Ladar, Asst. U. S. Atty., for respondent.

ZIRPOLI, District Judge.

Petitioner is confined at the United States Penitentiary at Alcatraz pursuant to a judgment and sentence imposed by a Court Martial at Foggia, Italy on August 17, 1945. The original sentence of 25 years' imprisonment was subsequently reduced to 23 years. By a petition for the writ of habeas corpus he seeks his release on the ground that he has earned sufficient good-time credits, calculated at the rate prescribed for prisoners sentenced by a court martial, to entitle him to discharge from confinement at Alcatraz.

Respondent asserts that the good-time credits available to petitioner are insufficient to entitle him to release because a substantial portion of the good-time credits earned have been forfeited for misconduct. Petitioner contends that his good-time credits were forfeited without statutory authority in view of the holding of the Court of Appeals for this circuit in Blackwell v. Edwards, 303 F. 2d 103 (1962) that "the crediting, earning, forfeiting and withholding of 'good time' for military prisoners, at least since the effective date of the Uniform Code of Military Justice, is governed by the military regulations and not by 18 U.S.C. § 4161 or the regulations of the Director of the Bureau of Prisons, except to the extent that the latter's regulations are the same as those of the military." It should be noted that this decision dealt only with sentences imposed after the effective date of the Uniform Code of Military Justice, May 31, 1951, 50 U.S. C.A. Appendix, § 551 et seq. and is not necessarily applicable to petitioner's sentence, which was imposed on August 17, 1945. But, assuming its applicability, petitioner's argument is of no avail because power to forfeit good-time credits earned by military prisoners is given by the military regulations, themselves. Army Regulation No. 633–30 ¶ 7.

Petitioner also argues that 1081 days of good-time were unlawfully for-

feited because the forfeiture was imposed as the consequence of a homicide for which petitioner was found, by a jury, to be free of criminal responsibility. There is no merit to this argument. The mere fact that petitioner's involvement with the homicide did not constitute a criminal offense would not justify the conclusion that it did not constitute misconduct that would warrant the forfeiture of good-time credits as an institutional disciplinary measure.

The petition for the writ of habeas corpus is denied.