504

**Richard B. SUNDAY, Petitioner,**

v.

**Dr. R. O. SETTLE, Warden, Respondent.**

**No. 14096-1.**

United States District Court
W. D. Missouri, W. D.

Dec. 5, 1962.

Richard B. Sunday, pro se.

F. Russell Millin, U. S. Dist. Atty., John L. Kapnistos, Asst. U. S. Dist. Atty., Kansas City, Mo., for respondent.

JOHN W. OLIVER, District Judge.

This case involves a petition for writ of habeas corpus filed by a military prisoner presently confined in the Medical Center for Federal Prisoners at Springfield, Missouri. We issued our initial order to show cause on October 25, 1962, and issued a supplemental order to show cause on November 13, 1962.

Petitioner claims generally that his good time should be calculated in accordance with military regulations rather than in accordance with § 4161 of Title 18 United States Code. Petitioner assumes there is a difference.[1]

In respondent's reply to our supplemental order to show cause it is apparent that if good time be computed at the rate of 14.8 days per months of confinement, as petitioner contends, petitioner's present release date would be December 16, 1962. Inasmuch as December 16, 1962 falls on a Sunday, the petitioner would be eligible for release on Friday, December 14, 1962, at 10:00 o'clock a. m.[2]

---

1. Blackwell v. Edwards, and Blackwell v. Ragan (Consolidated 9th Cir. 1962) 303 F.2d 103, affirming the judgment of Judge Goodman upon which petitioner relies, correctly noted that "the 10-day and 14.8-day rates are interrelated" and also correctly determined that the two different methods of mathematical computation are designed to reach the same result. Any slight difference in result was there explained on the basis that "the computation does not work out precisely because 14.8 is not carried beyond the first decimal". The problem of the results of the two mathematical methods· of computation is therefore not directly involved in this proceeding; rather the question of whether good time shall be

computed in accordance with the federal statutes or in accordance with the military regulations is the precise question involved.

2. Respondent's most recent calculation takes into account a restoration made to petitioner of an additional 380 days on November 23, 1962 after he had filed his habeas corpus petition. If the 10 day calculation were used, as respondent contends, petitioner would be eligible for release on Saturday, December 15, 1962, which again, in accordance with established administrative procedures, would require his release on Friday, December 14, 1962, at 10:00 o'clock a. m. It is again made apparent that in this par-

In our supplemental order to show cause we specifically requested that respondent advise the Court why the decision in Blackwell v. Edwards and Blackwell v. Ragan, (Consolidated, 9th Cir. 1962) 303 F.2d 103, should not be followed.

Respondent suggests that the Ninth Circuit Court of Appeals in Edwards and Ragan did not consider and apply Section 858(a) of Title 10 United States Code. That section provides that:

"Under such instructions as the Secretary concerned may prescribe, a sentence of confinement adjudged by a court-martial or other military tribunal, whether or not the sentence includes discharge or dismissal, and whether or not the discharge or dismissal has been executed, may be carried into execution by confinement in any place of confinement under the control of any of the armed forces or in any penal or correctional institution under the control of the United States, or which the United States may be allowed to use. Persons so confined in a penal or correctional institution not under the control of one of the armed forces are subject to the same *discipline and treatment* as persons confined or committed by the courts of the United States or of the State, Territory, District of Columbia, or place in which the institution is situated." (Emphasis added.)

Respondent further directs attention to the decision of the Fifth Circuit in the case of Bates v. Wilkinson (5th Cir. 1959), 267 F.2d 779. It was there held that:

"It has long been established that military prisoners may properly be confined in federal institutions and when so confined are subject to all laws pertaining to federal prisoners to the same extent as though the conviction had been by civil court, even though the system of parole and the computation of credits for 'good conduct time' are harsher or different for prisoners confined in disciplinary barracks."

In Bates the court determined at the outset that the military prisoner was "imprisoned in a federal penal institution in accordance with existing law", citing Section 858 of Title 10 United States Code. By and since the enactment of the Uniform Code of Military Justice in 1950 both the statutes of the Congress and the regulations of the military have attempted to make uniform the discipline and treatment of military prisoners with that given civilian prisoners in those instances in which military prisoners are confined in federal penal institutions, as distinguished from military barracks.[3]

■ The surrender of military control over the "discipline and treatment" of military prisoners when they are transferred to a federal penal institution pursuant to and within the meaning of Section 858 of Title 10 United States Code, is further illustrated by Section 3663 of Title 10 United States Code, which authorizes the Secretary of the Army to provide a system of parole only for offenders "who are confined in the United States Disciplinary Barracks". This related legislation confirms the overall pattern that military prisoners confined in federal penal institutions are to be subject to the general statutes applicable to all civilian prisoners.[4] Paroles for military prisoners confined in federal penal institutions are in fact handled by the same Board of Paroles that handles all federal prisoners.

ticular case the result by either method of calculation is identical.

3. Manual Bulletin No. 379, issued by the Bureau of Prisons, on December 26, 1961, states that "it will be noted that the allowances (provided by the military regulations) are the same as those by Title 18, United States Code, Section 4161, except for sentences of one year and less than 6 months".

4. See also Section 3663 of Title 10 United States Code, conferring similar power in identical language upon the Secretary of the Air Force.

For the reasons stated, we believe there is a distinct conflict in the rationale of Blackwell v. Edwards and Blackwell v. Ragan, supra, and Bates v. Wilkinson, supra. We think Bates and the cases upon which it relies are correctly decided. If any practical difference would have been made in this particular case we would have followed Bates, rather than Edwards. We publish this opinion because the principle involved is applicable to any number of other situations that are likely to arise.

■ In this particular case, the result is the same whether the military regulation or the general federal statute is applied to petitioner's factual situation. Petitioner is properly confined until Friday, December 14, 1962, at 10:00 o'clock a. m. His petition is obviously premature. The petition for habeas corpus should be and is therefore denied without prejudice. If the petitioner is not released on the date and time indicated, the Court will reinstate his petition on being so advised.

It is so ordered.

