961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles J. ROBERTS, Petitioner-Appellant,
v.
UNITED STATES DEPARTMENT OF THE NAVY, and United States
Parole Commission, Respondents-Appellees.
 No. 91-6326.
 United States Court of Appeals, Tenth Circuit.
 April 13, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON, and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Charles J. Roberts appeals from the dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. In his petition Roberts contends that the United States Parole Commission lacks jurisdiction over him because he is serving a sentence imposed upon him by Navy court martial as a result of an offense committed by him while a member of the United States Navy.
 
 
 3
 We have carefully reviewed the record, including the pleadings and arguments of the petitioner, and affirm the district court substantially on the grounds and for the reasons set forth in the Report and Recommendation of the magistrate judge, filed August 16, 1991, and the district court's "Order Adopting Magistrate's Report and Recommendation" filed September 18, 1991, copies of which are attached hereto and incorporated by this reference.
 
 
 4
 AFFIRMED.
 
 ATTACHMENT
 
 5
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA
 
 
 6
 CHARLES J. ROBERTS, Petitioner,
 
 
 7
 v
 
 
 8
 U.S. NAVY and U.S. PAROLE COMMISSION, Respondents.
 
 CIV-91-855-B
 
 9
 FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
 
 
 10
 This is a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner, who is currently incarcerated at the Federal Correctional Institution, El Reno, Oklahoma, asserts as his sole ground for habeas relief that the "Federal Parole Board lacks jurisdiction on hearing my parole request for my Military Sentence, Violating my 5th, 6th, 8th and 14th Amendment Rights." Petitioner demands as relief that "he be Order Access (sic) to a 'Brig Disposition Board' and the Naval Parole Board, which he is entitled to by law and Naval Policy (SECNAVINST 1640.9A)."
 
 
 11
 The case was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) for findings and a recommendation. Respondent has filed a motion to dismiss the petition for failure to state a claim for relief. Respondent has also offered the Petitioner's administrative record, filed herein under seal. Petitioner has responded to the motion to dismiss in a pleading entitled "Brief In Support For Writ of Habeas Corpus."
 
 
 12
 On August 18, 1981, the Petitioner was convicted by a courts martial conducted by the U.S. Navy for the military offense of murder. He received a life sentence, later reduced to 25 years on appeal to the Naval Court of Military Review. Petitioner was originally incarcerated in the Naval Brig at Norfolk, Virginia. In 1983, he was transferred to the custody of the United States Bureau of Prisons. Petitioner was subsequently incarcerated at the Federal Correctional Institution at El Reno, Oklahoma, where on January 3, 1984, he was arrested and charged with assault on a government reservation, in violation of 18 U.S.C. § 113(c). Petitioner was convicted of this offense and sentenced to a consecutive four (4) year term.
 
 
 13
 The administrative record reveals that Petitioner was provided an initial parole hearing on April 8, 1985, at the United States Penitentiary, Terre Haute, Indiana. The recommendation of the United States Parole Commission hearing panel was that Petitioner be continued to a presumptive parole after serving 216 months, on May 19, 1999, with a special drug aftercare condition. The National Appeals Board affirmed the panel's decision.
 
 
 14
 On November 7, 1990, a rescission hearing was conducted at the Federal Correctional Institution, El Reno, wherein Petitioner admitted having committed seven institutional misconducts. The panel recommended that Petitioner's presumptive parole date be rescinded to add three months for misconducts related to drugs and alcohol. The Petitioner's case was referred pursuant to 28 C.F.R. § 2.24(a) to the National Commissioners, who concluded that Petitioner's presumptive parole should be rescinded to require service of an additional 20 months, to January 19, 2001. This decision was affirmed by the National Appeals Board by Notice of Action dated April 24, 1991.
 
 
 15
 Petitioner was transferred from military prison to the custody of the federal Bureau of Prisons pursuant to authority expressly granted in the Uniform Code of Military Justice, 10 U.S.C. § 858(a). Pursuant to this statute,
 
 
 16
 a sentence of confinement adjudged by a court-martial or other military tribunal ... may be carried into execution by confinement in any place of confinement under the control of any of the armed forces or in any penal or correctional institution under the control of the United States, or which the United States may be allowed to use. Persons so confined in a penal or correctional institution not under the control of one of the armed forces are subject to the same discipline and treatment as persons confined or committed by the courts of the United States ...
 
 
 17
 10 U.S.C. § 858(a). See 28 C.F.R. § 527.10(b) (1991) (military inmates confined in Bureau of Prisons institutions subject to same discipline and treatment as other inmates in those institutions); 18 U.S.C. § 4083 (prisoners sentenced by courts martial to more than one year can be confined to any federal penitentiary).
 
 
 18
 In challenges similar to Petitioner's, the language of 10 U.S.C. § 858(a) has been held to express the intent of Congress to apply the federal parole statutes and the jurisdiction of the United States Parole Board, and later the United States Parole Commission, over military prisoners in the custody of the federal Bureau of Prisons. In one such case, the Court of Appeals for the District of Columbia concluded,
 
 
 19
 There is no unconstitutional discrimination or other denial of due process because of the recognition by Congress that it is desirable or feasible for persons confined in such institutions as Lewisburg [Pennsylvania] to be subject to certain specified and salutary parole conditions, notwithstanding like provisions have not been deemed desirable or feasible for those who serve their sentences in a military prison ...
 
 
 20
 Koyce v. United States Board of Parole, 306 F.2d 759, 762 (D.C.Cir.1962). Accord, Bates v. Wilkinson, 267 F.2d 779 (5th Cir.1959). See Williams v. Ciccone, 415 F.2d 331, 332 (8th Cir.1969) (per curiam) (18 U.S.C. § 4164,[1] regarding parole revocations, is applicable to a military prisoner in the custody of the federal Bureau of Prisons).
 
 
 21
 The Tenth Circuit has decided the same issues as are raised by Petitioner, and has concluded that the federal parole statutes do apply to military prisoners in federal custody. Mitchell v. Kennedy, 344 F.2d 935, 936 (10th Cir.), cert. denied, 382 U.S. 920 (1965). This circuit has specifically concluded that naval authorities have broad power to change the originally designated place of confinement of a Navy prisoner to a United States prison. Kuykendall v. Taylor, 285 F.2d 480, 481 (10th Cir.1960). The Tenth Circuit has further concluded that a military prisoner transferred to the federal Bureau of Prisons was correctly sentenced as a parole violator after he was found to have violated the conditions of his parole. Osborne v. Taylor, 328 F.2d 131, 132 (10th Cir.) (per curiam), cert. denied, 377 U.S. 1002 (1964).
 
 
 22
 Petitioner relies on King v. Federal Bureau of Prisons, 406 F.Supp. 36 (D.C.Ill.1976). However, the district court in King held that § 858(a) "does incorporate the federal parole eligibility standards of 18 U.S.C. § 4202."[2] Id. at 39. Nevertheless, the district court found that as applied to King's sentence, the parole statute added four years to his minimum term of imprisonment, that this increase lacked a rational basis, and, therefore, 10 U.S.C. § 858(a) unconstitutionally discriminated against King "by denying him the same parole treatment provided to military prisoners who are not transferred to a federal penitentiary." Id. To provide King equal protection, the court concluded that his parole eligibility should be calculated pursuant to Army regulations and he was, under those regulations, eligible for parole after serving 10 years as opposed to the 14 years he would serve under the federal parole statute. Id.
 
 
 23
 Petitioner has not demonstrated that his transfer to federal custody will extend his period of imprisonment or that he would be eligible for parole at an earlier date if he were to remain in a military prison. Cf. 18 U.S.C. § 4205(a) (prisoner confined for definite term or terms of 30 years or less is eligible for parole after service of one-third of such term or terms) and SECNAVINST 5815.3G (Attachment 4 to Respondents' Motion to Dismiss) (naval prisoner serving terms of more than 3 but not more than 30 year sentence or sentences is eligible for parole after service of one-third of such sentence or sentences).
 
 
 24
 The decisions of the courts in Walker v. Luther, 830 F.2d 1208 (2nd Cir.1987); Moss v. Clark, 698 F.Supp. 640 (E.D.Va.1988); and Cosgrove v. Thornburgh, 703 F.Supp. 995 (D.D.C.1988), which Petitioner also relies on, interpret D.C.Code Ann. § 24-209 (1981). This statute provides that the United States Parole Commission:
 
 
 25
 shall have and exercise the same power and authority over prisoners convicted in the District of Columbia of crimes against the United States or now or hereafter confined in any United States penitentiary or prison (other than the penal institutions of the District of Columbia) as is vested in the District Board of Parole over prisoners confined in the penal institutions of the District of Columbia.
 
 
 26
 D.C.Code Ann. § 24-209 (1981) (emphasis added). These courts interpreted this provision as requiring the Parole Commission to apply District of Columbia parole standards to District of Columbia offenders housed in federal prisons. E.g., Walker v. Luther, supra at 1210. The Second Circuit in Walker reasoned that:
 
 
 27
 this Section [§ 24-209] does not grant to the Commission the same power and authority over D.C.Code offenders that it exercises over U.S.Code offenders. Instead, the statute expressly states that the Commission has only the same power and authority 'as is vested' in the D.C. Board. Because the D.C. Board itself is vested only with the power to apply D.C. parole statutes--and not federal parole statutes--the Commission is therefore also limited by the specific language of § 24-209 to applying D.C. parole law.
 
 
 28
 Id.
 
 
 29
 The statute which this Court is asked to interpret in a similar manner--as requiring the application of naval parole guidelines to naval prisoners housed in federal prisons--has contrary language, expressly providing that military prisoners transferred to a correctional institution not under the control of the armed forces "are subject to the same discipline and treatment as persons confined or committed by the courts of the United States." 10 U.S.C. § 858(a) (emphasis added). Thus, those cases interpreting District of Columbia Code § 24-209 are wholly inapplicable to the Petitioner's case.
 
 
 30
 The plain language of 10 U.S.C. § 858(a) reflects Congress' intent that Petitioner and other military prisoners like him who have been transferred to federal custody be subject to the federal laws and regulations governing any other federal prisoner, including federal parole provisions.
 
 
 31
 Accordingly, the undersigned recommends that the Respondents' motion to dismiss be granted and the case dismissed. As provided by law, any appeal/objections shall be filed on or before August 30, 1991. This enlargement of the statutory period obviates any Motions for Enlargement of Time.
 
 
 32
 /s/ RONALD L. HOWLAND
 
 
 33
 /s/ UNITED STATES MAGISTRATE JUDGE
 
 ATTACHMENT
 
 34
 ORDER ADOPTING MAGISTRATES REPORT AND RECOMMENDATION
 
 
 35
 At issue is Petitioner, Charles J. Roberts', objection to Magistrate Judge Howland's Report and Recommendation of August 16, 1991, recommending that Respondents, U.S. Navy and U.S. Parole Commission's, motion to dismiss be granted and Petitioner's federal habeas corpus petition be dismissed for failure to state a claim for relief. The court has thoroughly examined the arguments contained within Petitioner's objection to the report and recommendation as well as Respondents' response. Upon careful consideration, the court fully adopts the Magistrate's Report and Recommendation. Accordingly, Respondents' motion to dismiss is GRANTED and Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DISMISSED.
 
 
 36
 Dated this 18th day of September, 1991.
 
 
 37
 /s/ Luther Bohanon
 
 
 38
 /s/ United States District Judge
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 18 U.S.C. § 4161 was repealed by the Comprehensive Crime Control Act of 1984, Pub.L. 98-473, tit. II, § 218(a)(4), 235, 98 Stat. 2027, 2031, effective November 1, 1987, for offenses committed after November 1, 1987, by Pub.L. 99-217, § 4.99 Stat. 1728, but applicable for five years after effective date of repeal for offenses committed before effective date, pursuant to Pub.L. 98-473, tit. II, § 235(a)(1)(B)
 
 
 [2]
 18 U.S.C. § 4202 was repealed by the Comprehensive Crime Control Act of 1984, Pub.L. 98-473, tit. II, § 218(a)(5), 98 Stat. 2027, effective November 1, 1987, for offenses committed after November 1, 1987, by Pub.L. 99-217, § 4, 99 Stat. 1728, but applicable for five years after effective date of repeal for offenses committed before effective date pursuant to Pub.L. 98-473, tit. II, § 235(a)(1)(B)