F I L E D
United States Court of Appeals
Tenth Circuit

MAR 2 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEFFREY C. HIRSCH,

      Petitioner-Appellant,

v.

SECRETARY OF THE ARMY;
FEDERAL BUREAU OF PRISONS;
MICHAEL V. PUGH,

      Respondents-Appellees.

No. 98-1468

(D.C. No. 98-D-1950)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.[**]

      Before us is Petitioner Jeffrey C. Hirsch's motion to proceed on appeal in forma pauperis from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] To proceed on appeal in forma pauperis from the denial of a § 2241

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Petitioner also has filed an application for a certificate of appealability. See 28
(continued...)

petition, a petitioner must show both "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997). Because Petitioner fails to make the required showing, we dismiss his appeal.

## I.

In 1987, Petitioner pled guilty to felony murder before a military court-martial. Petitioner began serving his sentence of life imprisonment in the United States Disciplinary Barracks (USDB) at Fort Leavenworth, Kansas. In 1995, authorities transferred Petitioner to the custody of the United States Bureau of Prisons (BOP) pursuant to 10 U.S.C. § 858(a), which authorizes the incarceration of military prisoners in federal penitentiaries. Petitioner presently is incarcerated at the Federal Correctional Institute (FCI) in Florence, Colorado.

Petitioner claims that defense department regulations entitled him to a yearly parole hearing while imprisoned in the USDB. In contrast, Petitioner claims that BOP regulations only entitle him to a parole hearing every two years while imprisoned in the FCI. Petitioner asserts that the reduction in the number of parole hearings violates both

---

[1](...continued)
U.S.C. § 2243(c)(1). Because a certificate of appealability is not required to appeal a final order in a proceeding under 28 U.S.C. § 2241, see McIntosh v. United States Parol Comm'n, 115 F.3d 809, 810 n.1 (10th Cir. 1997), we deny the application as moot.

the constitutional prohibition against ex post facto laws, and his constitutional rights of equal protection and due process.  See U.S. Const. art. I, § 9; amend V.  The district court disagreed, and summarily dismissed Petitioner's § 2241 petition.  The court subsequently denied Petitioner's motion to proceed on appeal in forma pauperis.  See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

## II.

The statute authorizing Petitioner's transfer to the custody of BOP, enacted in 1956,  provides:

> Under such instructions as the Secretary concerned may prescribe, a sentence of confinement adjudged by a court-martial or other military tribunal, . . . may be carried in to execution by confinement in any place of confinement under the control of any of the armed forces or in any penal or correctional institution under the control of the United States, . . . .  Persons so confined in a penal or correctional institution not under the control of one of the armed forces are subject to the same discipline and treatment as persons confined or committed by the courts of the United States . . . .

18 U.S.C. § 858(a).  Courts interpreting § 858(a) have "consistently held that a military prisoner who is committed to the service of his sentence in a federal penitentiary automatically becomes entitled to any advantages and subject to any disadvantages which accrue to the civilian prisoner."  Stewart v. United States Board of Parole, 285 F.2d 421, 421-22 (10th Cir. 1960) (internal quotations omitted).  In Roberts v. United States Dept. of the Navy, No. 91-6326, 1992 WL 75205 at *4 (10th Cir. 1992) (unpublished), we stated that the "plain language of 10 U.S.C. § 858(a) reflects Congress intent that

3

Petitioner and other military prisoners like him who have been transferred to federal custody be subject to the federal laws and regulations governing any other federal prisoner, <u>including federal parole provisions</u>." (emphasis added). <u>Accord</u> <u>Koyce v. United States Board of Parole</u>, 306 F.2d 759, 762 (D.C. Cir. 1962). In a similar case, the Fifth Circuit reasoned:

> It has long been established that military prisoners may properly be confined in federal institutions and when so confined are subject to all laws pertaining to federal prisoners to the same extent as though the conviction had been by civil court, even though the system of parole . . . [is] different for prisoners confined in disciplinary barracks.

<u>Bates v. Wilkinson</u>, 267 F.2d 779, 780 (5th Cir. 1959).

Given the foregoing authority, we conclude that the arguments Petitioner raises in support of his petition are meritless. Accordingly, we deny Petitioner's motion to proceed on appeal in forma pauperis and dismiss his appeal.

MOTION DENIED; APPEAL DISMISSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

4