**Melvin L. EASLEY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 5846.**

United States Court of Appeals
Tenth Circuit.

July 23, 1958.

Vernon Kirk Sessions, Denver, Colo., for appellant.

Paul M. Brewer, Asst. U. S. Atty., Muskogee, Okl. (Frank D. McSherry, U. S. Atty., and Harry G. Fender, Asst. U. S. Atty., Muskogee, Okl., on the brief), for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

■ On January 24, 1958, appellant completed a term of imprisonment in the Oklahoma State Penitentiary and was immediately taken into custody by the United States Marshal under a conditional release violator's warrant issued by the United States Board of Parole. By petition for writ of habeas corpus to the District Court for the Eastern District of Oklahoma he alleges his detention to be unlawful upon claim that the original federal sentence which was imposed by court martial and which premises the validity of the warrant had been completely served. Appellant was released from the United States Penitentiary at Leavenworth on February 26, 1956, after serving his complete military sentence less 761 days statutory good time and 101 days industrial credit time. His contention that his release at that time was unconditional is completely negatived by 18 U.S.C.A. § 4164:

"A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days."

■ Appellant also contends, by way of supplement to his original petition, that industrial credit time cannot be lost by violation of conditional release. Even if such contention had merit it would neither lead to an invalidation of the warrant nor to petitioner's immediate release from custody. The contention is not, therefore, a proper subject for consideration by habeas corpus at this time. Dickenson v. Davis, 10 Cir., 245 F.2d 317; Sturm v. McGrath, 10 Cir., 177 F.2d 472; Benjamin v. Hunter, 10 Cir., 176 F.2d 269.

The trial court properly dismissed the petition and its judgment is affirmed.