James W. STEWART, Appellant,

v.

UNITED STATES BOARD OF PAROLE; J. C. Taylor, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 6550.

United States Court of Appeals
Tenth Circuit.

Nov. 28, 1960.

Charles H. Rooney, Topeka, Kan., filed a brief for appellant.

Wilbur G. Leonard, U. S. Atty., Topeka, Kan., filed a brief for appellee.

Before MURRAH, Chief Judge, LEWIS, Circuit Judge, and RICE, District Judge.

PER CURIAM.

Petitioner-appellant was tried by a General Court Martial for the offense of rape, was convicted and sentenced to be hanged. By successive executive actions the sentence was commuted to a term of 18 years, and he was committed to the federal penitentiary for service of the sentence. Upon allowance of good time under 18 U.S.C. § 4161 petitioner was conditionally released as if on parole under 18 U.S.C. § 4164. While in parole status he was retaken on a parole violator's warrant and returned to the custody of the respondent Warden for the service of the unexpired part of his sentence.

By this petition for habeas corpus petitioner challenges the legality of his detention on the theory that having been convicted by a Court Martial under the military law as of that time, he was serving his sentence in accordance with military law and was not subject to civil law; that having, however, been released in accordance with civil law, the release became absolute and the government lost jurisdiction; that his subsequent arrest and confinement amounted to a new sentence without trial and a consequent denial of due process. The trial court rejected the contention and discharged the writ as utterly without merit and we agree. In O'Connor v. Hunter, 10 Cir., 192 F.2d 179, we rejected the prisoner's contention that since he had been sentenced by Court Martial, he was entitled to good time credit provided by the Military Code. It has been consistently held that a military prisoner who is committed to the service of his sentence in a federal penitentiary "automatically becomes entitled to any advan-

tages and subject to any disadvantages which accrue to the civilian prisoner." Fitch v. Hiatt, D.C., 48 F.Supp. 388, 390; Innes v. Hiatt, D.C., 57 F.Supp. 17; Johnson v. Hiatt, D.C., 71 F.Supp. 865; and see, also, Easley v. United States, 10 Cir., 257 F.2d 174.

The judgment of the trial court is affirmed.