Kethel OSBORNE, Appellant,

v.

J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 7486.

United States Court of Appeals
Tenth Circuit.

Feb. 6, 1964.

Rehearing Denied March 2, 1964.

Richard L. Harring, Denver, Colo. (Calkins, Rodden & Kramer, Denver, Colo., on the brief), for appellant.

Joseph J. DeFrancesco, Office of The Judge Advocate General, Washington, D. C. (Newell A. George, U. S. Atty., Benjamin E. Franklin, Asst. U. S. Atty., Topeka, Kan., and Abraham Nemrow, Office of The Judge Advocate General, Washington, D. C., on the brief), for appellee.

Before LEWIS and SETH, Circuit Judges, and KERR, District Judge.

PER CURIAM.

Appellant filed a petition for a writ of habeas corpus and a hearing was held with appellant present and represented by counsel. The trial court ordered the petition dismissed, and petitioner has appealed.

Appellant was in the United States Army and on active duty when he was court-martialed and sentenced to a dishonorable discharge and to be confined at hard labor for three years. While serving this sentence in military custody he committed another offense, was court-martialed and sentenced to confinement for six months at hard labor. Later he was convicted of a third offense, this time by a general court-martial, and sentenced to confinement at hard labor for eight years. The total sentences were eleven years and six months. After the general court-martial appellant was transferred from the military prison to

the Federal Prison System and ultimately to the United States Penitentiary at Leavenworth.

Appellant was given a mandatory release from the Leavenworth prison on parole. The conditions of parole were violated, it was revoked, and appellant was required to serve in confinement a period equivalent to the number of days between his mandatory release date and his original maximum release date, or about 1,218 days.

Appellant presents an argument concerning the method by which his total good time is to be computed and whether it is computed under Army Regulations or under 18 U.S.C. § 4161. He also argues that he is illegally restrained as a parole violator since his release at his mandatory release date was unconditional. He urges it was unconditional by reason of the fact he was not subject to parole since he was a military and not a civilian prisoner, hence 18 U.S.C. § 4164 does not apply.

Appellant uses the decision of Blackwell v. Edwards (Blackwell v. Ragan), 303 F.2d 103 (9th Cir.), holding that good time is to be computed under Army Regulations, as holding that the entire chapter 309 of 18 U.S.C. does not apply to military prisoners. Hence he argues that Section 4164 of that chapter, providing that when a prisoner is released at the mandatory release time the release is on parole, does not apply to him. We have held in Easley v. United States, 257 F.2d 174 (10th Cir.), and in Stewart v. United States Board of Parole, 285 F.2d 421 (10th Cir.), cert. den. 365 U.S. 862, 81 S.Ct. 830, 5 L.Ed.2d 825, that 18 U.S.C. § 4164 does apply to military prisoners. See also Koyce v. United States Board of Parole, 113 U.S. App.D.C. 152, 306 F.2d 759. These cases are controlling on the question here, thus appellant was correctly sentenced as a parole violator.

Appellant states in the brief that if he is wrong under the above contention and is a parole violator, then "he is nevertheless entitled to be re-leased on March 11, 1964." He nevertheless asks that his release date be computed by the court since the Government contends that it is a later date. Since the appellant is not now entitled to immediate release even under his own theory, the court cannot consider the petition further. We do not therefore reach the question as to the method by which the good time should be computed. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. In McGann v. Taylor, 289 F.2d 820 (10th Cir.), cert. den. 368 U.S. 904, 82 S.Ct. 182, 7 L.Ed.2d 98, we said, "* * * it is axiomatic that before habeas corpus can properly lie, a determination in favor of the petitioner must entitle him to immediate release," citing Holloway v. Looney, 207 F.2d 433 (10th Cir.), cert. den. 346 U.S. 912, 74 S.Ct. 245, 98 L.Ed. 409; McMahan v. Hunter, 150 F.2d 498 (10th Cir.), and other cases. See also Crawford v. Taylor, 290 F.2d 197 (10th Cir.), and Wood v. Crouse, 327 F.2d 81 (10th Cir.).

Affirmed for the reasons stated above.