James F. O'CALLAHAN, Plaintiff

v.

The ATTORNEY GENERAL OF the UNITED STATES, the United States Board of Parole, the Department of the Army, Defendants.

Civ. A. No. 64-189-C.

United States District Court
D. Massachusetts.

June 25, 1964.

James F. O'Callahan, pro se.

W. Arthur Garrity, Jr., U. S. Atty., Murray Falk, Asst. U. S. Atty., for defendant.

CAFFREY, District Judge.

This is a civil action for a declaratory judgment. The plaintiff is presently an inmate at the Massachusetts Correctional Institution at Walpole. The record is not clear as to when he was sentenced to Walpole by the courts of the Commonwealth of Massachusetts nor as to the period of time he will be required to serve there under the sentence of the State court.

It appears that plaintiff while serving in the United States Army in Hawaii was tried and convicted by a court-martial, and on October 11, 1956 was sentenced to ten years imprisonment at hard labor and a dishonorable discharge. Subsequently he was incarcerated in a military disciplinary barracks and thereafter, pursuant to the provisions of Article 58, Uniform Code of Military Justice (10 U.S.C.A. § 858), he was transferred to the custody of the Attorney General under whose direction he was incarcerated at the United States Penitentiary, Lewisburg, Pennsylvania. On May 6, 1960, in accordance with the provisions of 18 U.S.C. § 4203 the plaintiff was released from Lewisburg on parole and was scheduled to remain at liberty on parole until October 10, 1966. On March 13, 1962, acting pursuant to the provisions of 18 U.S.C. § 4205, the United States Board of Parole issued a warrant for the retaking of plaintiff as a parole violator and on April 11, 1962 the said warrant was lodged with the Superintendent of the Massachusetts Correctional Institution, Walpole, Massachusetts. (The papers on file do not reveal when plaintiff entered the State prison at Walpole.)

Plaintiff's complaint was drawn *pro se* and for that reason allowance must be made for the fact that it is something less than a model of clarity. Plaintiff's chief contentions appear to be to the effect that the Federal Bureau of Prisons erroneously computed his allowance for "good time" and that a proper computation of his "good time" credit would establish that there is no period of parole

remaining for him to serve and hence there is nothing to which the detainer lodged on April 11, 1962 can apply. He also denies that he was ever legally released by parole or in any other manner by the military authorities who imposed sentence upon him and challenges the use by the Bureau of Prisons of regulations applicable to civilian prisoners as against himself originally a military prisoner. He seeks a cancellation of the detainer filed by the United States Board of Parole with the Superintendent of the State prison at Walpole.

The matter is before the Court on plaintiff's motion for summary judgment and on the Government's motion to dismiss for failure to state a claim upon which relief can be granted. The motions were orally argued by the plaintiff *pro se* and counsel for the United States.

Substantially the same contentions that plaintiff urges herein were met and rejected in Osborne v. Taylor, 328 F.2d 131 (10 Cir. 1964). See also Koyce v. United States Board of Parole, 113 U.S. App.D.C. 152, 306 F.2d 759 (1962), and cases cited therein. The only decision tending to support plaintiff's contentions is Blackwell v. Edwards, 303 F.2d 103 (9 Cir. 1962). The holding therein to the effect that military regulations rather than the Federal criminal law set out in Title 18 United States Code, apply to military prisoners in Federal custody has been expressly rejected in the two reported decisions which have considered the Blackwell case. Osborne v. Taylor, supra; Sunday v. Settle, 211 F.Supp. 504 (W.D.Mo.1962).

As plaintiff was transferred to a Federal penal institution and was thus subject to the same discipline and treatment as ordinary federal prisoners, 10 U.S.C.A. § 858(a), he was accordingly subject to the federal parole system. 18 U.S.C.A. §§ 4161–4166, 4202, 4203, 4205, 4206, 4207.

It appearing that the request for declaratory relief does not state a claim up-

on which relief may be given, plaintiff's motion for summary judgment is denied and the Government's motion to dismiss is allowed. Complaint dismissed, without costs.