James F. O'CALLAHAN, Plaintiff, Appellant,

v.

The ATTORNEY GENERAL of the United States et al., Defendants, Appellees.

No. 6372.

United States Court of Appeals First Circuit.

Nov. 23, 1964.

James F. O'Callahan, pro se.

W. Arthur Garrity, Jr., U. S. Atty., and Murray H. Falk, Asst. U. S. Atty., on brief for appellees.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

This is an appeal from the dismissal of a complaint for a declaratory judgment filed by an inmate of the Massachusetts Correctional Institution in South Walpole. The facts are neither as clear nor as complete as they might be. This much, however, sufficiently appears:

On October 11, 1956, while the appellant was serving in the United States Army in Hawaii, he was convicted by a General Court Martial for violation of Articles 80, 130 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 880, 930 and 934, and sentenced to dishonorable discharge, forfeiture of all pay due and to become due and confinement at hard labor for ten years. After confinement in branches of the United States Disciplinary Barracks located in Hawaii and California, the appellant, in February, 1958, was transferred under Article 58 of the Uniform Code of Military Justice, 10 U.S.C. § 858, to the United States Penitentiary at Leavenworth, Kansas, and a short time later to the United States Penitentiary at Lewisburg, Pennsylvania. He does not challenge the legality of his sentence by court martial or his transfer from military to civilian places of confinement.

In May, 1960, the appellant was released on parole for the remainder of the maximum term for which he was sentenced, i. e., until October 10, 1966, by the Board of Parole in the Department of Justice established under Title 18 U.S.C. § 4201. While on parole he went to Arkansas in violation of the condition

in his parole as to residence where he was convicted for some unspecified offense or offenses, and apparently incarcerated in some state institution. In March, 1962, the Board of Parole issued a warrant for his retaking for violation of conditions of his parole, but by that time the appellant had arrived in Massachusetts and had been convicted and sentenced for further unspecified offenses. On April 11, 1962, the parole violation warrant was lodged against the appellant with the Superintendent of the Massachusetts Correctional Institution in South Walpole where he is now confined. The object of the present proceeding is a declaration that the appellant's military sentence has been satisfied and that the detainer filed against him by the Board of Parole is null and void.

The appellant's argument boiled down to its essentials is that he was not subject to parole by the civilian Board of Parole established under Title 18 U.S.C. § 4201 but as a military prisoner he could only be parolled pursuant to a system of parole provided by the Secretary of the Army pursuant to 10 U.S.C. § 3663. Wherefor he says that his parole was unauthorized and illegal with the result that (1) he could not be a parole violator and (2) his good time credit of 10 days per month accumulated while he was on parole so that his military sentence has now expired.

■■ We see no occasion to consider the appellant's laborious although probably insubstantial * arguments as to the proper authority for parole of military prisoners held in civilian prisons. Although not raised either in this court or in the court below we think the appellant is precluded from presenting his argument for the reason that he accepted parole subject to a condition fixing the limits of his residence as required by the third paragraph of § 4203(a) of Title 18 U.S.C. Having accepted parole subject to a legally specified condition, and

having admittedly violated that condition, we do not think that the appellant is now entitled to challenge the legality of his parole and thereby evade the consequences of the legally required condition he implicitly accepted. One who accepts release from a penitentiary on parole does so subject to authorized conditions for release and for retaking for violation of terms and conditions of release. Cf. Fox v. Sanford, 123 F.2d 334, 335 (C.A.5, 1941).

Judgment will be entered affirming the judgment of the District Court; no costs.

---

* Koyce v. United States Board of Parole, 113 U.S.App.D.C. 152, 306 F.2d 759 (1962); Osborne v. Taylor, 328 F.2d 131 (C.A.10, 1964), cert. denied, 377 U.S. 1002, 84 S.Ct. 1936, 12 L.Ed.2d 1051; but cf. Blackwell v. Edwards, 303 F.2d 103 (C.A.9, 1962).