**John P. MITCHELL, Appellant,**

v.

**Robert F. KENNEDY, U. S. Attorney General, and J. C. Taylor, Warden, United States Penitentiary, Appellees.**

**No. 7995.**

United States Court of Appeals
Tenth Circuit.

April 19, 1965.

Ray M. Solot, Denver, Colo., for appellant.

James R. Robinson, Lt. Colonel, JAGC, Office of Judge Advocate General (Newell A. George, U. S. Atty., Benjamin E. Franklin, Asst. U. S. Atty., and Abraham Nembrow, Lt. Colonel, JAGC, Office

of Judge Advocate General, on the brief), for appellees.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from a denial of a petition for habeas corpus.

■ As a preliminary matter the appellant urges the necessity of adding the Board of Parole as an additional party here. 18 U.S.C. § 4203 expressly provides that custody and control of parolees shall be in the Attorney General, who has entered an appearance here through counsel, therefore, there is no need for the Board of Parole to become a party.

The undisputed facts are as follows: On July 2, 1944, appellant was convicted by an Army General Courts-Martial in England of (1) the premeditated murder of another soldier, (2) carrying a concealed weapon and (3) being absent without leave. He was sentenced to dishonorable discharge, forfeiture of all pay and allowances and confinement at hard labor for life. The United States Penitentiary at Lewisburg, Pennsylvania, was designated as the place of confinement. On January 9, 1951, so much of the sentence as was in excess of 21 years was remitted. Petitioner's place of confinement has been changed several times over the years but he has always been confined in a Federal Penitentiary. On January 23, 1963, he was transferred to the United States Penitentiary at Leavenworth, Kansas. On January 31, 1963, the Director of Prisons determined that petitioner was due for release on 26 April 1963. However, petitioner was conditionally released on 5 February 1963. Petitioner violated the condition of this release causing it to be revoked and was arrested and taken into custody on May 2, 1963, as a conditional release violator. His so-called violator term remaining to be served was computed at 901 days which would expire on October 18, 1965, with a conditional release date of 27 December 1964. On December 23, 1964, he was again conditionally released until April 21, 1965, when, barring another violation of the terms thereof, it will become unconditional as provided in 18 U.S.C. § 4164.

■ Petitioner's attack on his restraint is twofold. First, he asserts that as a military prisoner he should not have been subject to a conditional release under 18 U.S.C. § 4164 and that to do so discriminates against him vis-à-vis military prisoners confined in strictly military facilities who he alleges are not subject to conditional releases. This court has consistently rejected this argument by petitioner and held that 18 U.S.C. § 4164 regarding parole does apply to military prisoners. Easley v. United States, 257 F.2d 174 (10th Cir. 1958), Stewart v. United States Board of Parole, 285 F.2d 421 (10th Cir. 1960), cert. denied, 365 U.S. 862, 81 S.Ct. 830, 5 L.Ed. 2d 825 (1961) and more recently in Osborne v. Taylor, 328 F.2d 131 (10th Cir. 1964), cert. denied, 377 U.S. 1002, 84 S.Ct. 1936, 12 L.Ed.2d 1051 (1964). See also Koyce v. United States Board of Parole, 113 U.S.App.D.C. 152, 306 F.2d 759 (D.C.Cir.1962).

■ The second contention urged by petitioner is that his good time should be computed according to Army Regulation 633–30, Section II, Para. 12(e), which according to his interpretation would allow him 14.8 days of good time per month instead of only 10 days per month. His theory concerning computation of good time is apparently based on the case of Blackwell v. Edwards, 303 F.2d 103 (9th Cir. 1962). That case involved facts dissimilar to those present here and concerned only a military prisoner sentenced after May 31, 1951, which was the effective date of the Uniform Code of Military Justice. A reading of Army Regulation 633–30 reveals it has carefully separated those convicted before and after May 31, 1951. We are here only concerned with a prisoner sentenced prior to 1951.

■ The proper place to determine the amount of good time to which petitioner

was entitled while serving a military sentence is Army Regulation 633–30. Section I, Para. 6(c) (1) (a) of that regulation provides *inter alia* that for sentences adjudged prior to 31 May 1951, "[G]ood conduct abatement earned on sentences which provided for confinement in Federal penal or correctional institutions will be credited at the statutory rate prescribed for such institutions for that period of the sentence served in a Federal penal or correctional institution * * *." This would mean simply that a military prisoner's good time would be computed according to 18 U.S.C. § 4161 or ten days per month for a sentence exceeding ten years. See generally, O'Connor v. Hunter, 192 F.2d 179 (10th Cir. 1951). Petitioner's reliance on Section II, Para. 12 of Army Regulation 633–30 is misplaced. It provides for a credit of 14.8 days of good time to a military prisoner who has been confined in a Federal penitentiary but returned to military control. The only other reference in this Army Regulation found which deals with this matter of transferring a military prisoner from a Federal penitentiary to a military confinement facility and military control is in the second sentence of Section I, Para. 6(c) (1) (a) which provides: "* * * [I]f a prisoner having served a period of time in a Federal penal or correctional institution is transferred to an Army confinement facility, the good conduct abatement credited as statutory rates prescribed for Federal institutions will be recomputed, whenever the sentence is reduced, on the basis of the current length of sentence."

It appears that the regulations do contemplate a recomputation of good time when a military prisoner is returned to military control but those provisions are inapplicable here because the petitioner has never been returned to military control as we understand that terminology.

Affirmed.