**Willie Joe KING, Petitioner,**

v.

**FEDERAL BUREAU OF PRISONS and U. S. Department of the Army, Respondents.**

**Civ. No. 74–181–E.**

United States District Court, E. D. Illinois.

Jan. 14, 1976.

Robert H. Dreher, Carbondale, Ill., for petitioner.

Henry A. Schwarz, U. S. Atty., William C. Evers, III, Asst. U. S. Atty., for respondent.

## ORDER

FOREMAN, District Judge:

Petitioner, Willie Joe King, filed this declaratory judgment action asking the Court to determine whether he is eligible for parole and whether he is entitled to credit on his sentence for time spent in pretrial confinement. A hearing was held in this matter at which time the parties filed an extensive stipulation of facts. Based on the hearing, the stipulation, and the pleadings in this case, the Court makes the following findings of fact and conclusions of law.

## I

On June 25, 1964, petitioner was convicted of murder, larceny and forgery by a United States Army Military Court. He was originally sentenced to death, but his sentence has been reduced in steps to his present sentence of forty-two years.

Petitioner began service of his sentence at the United States Disciplinary Barracks in Fort Leavenworth, Kansas, on August 4, 1964. King remained at the Disciplinary Barracks until July 7, 1967, when he was transferred to the United States Penitentiary in Leavenworth, Kansas, pursuant to 10 U.S.C. § 858(a) which specifically authorizes the incarceration of military prisoners in federal penitentiaries.[1] On March 23, 1971, petitioner was transferred to the United States Penitentiary in Marion, Illinois, where he is presently incarcerated.

---

1. 10 U.S.C. § 858(a) provides in part:

    ". . . a sentence of confinement adjudged by a court-martial or other military tribunal . . . may be carried into execution by confinement in any place of confinement under the control of any of the armed forces or in any penal or correctional institution under the control of the United States, or which the United States may be allowed to use."

## II

Petitioner's treatment while confined in a federal penitentiary is governed by 10 U.S.C. § 858(a) which provides that:

"Persons so confined in a penal or correctional institution not under the control of one of the armed forces are subject to the *same discipline and treatment* as persons confined or committed by the courts of the United States . . . ." (emphasis added)

Respondents have interpreted the phrase "same discipline and treatment" to require that petitioner's parole eligibility be determined in the same manner as that of federal prisoners convicted of offenses against the United States. This interpretation of § 858(a) is unfavorable to petitioner since under the statute applicable to federal prisoners he is not eligible for parole until he has served fourteen years,[2] while pursuant to Army regulations he would be eligible for parole after serving ten years,[3] 18 U.S.C. § 4202; United States Army Regulations, AR 190–26, Para. 1–4a(2). If respondents' construction of § 858(a) is correct, then petitioner's transfer from military barracks to federal penitentiary resulted in the addition of four extra years to his minimum term of confinement.

Petitioner contends, however, that respondents' interpretation of 10 U.S.C. § 858(a) is overly broad. He claims that the provision of the statute requiring that he be provided the "same discipline and treatment" as federal prisoners applies only to in-house prison matters, and not to parole matters. If petitioner's construction of § 858(a) is accepted, then his parole eligibility is governed by the more lenient Army regulations and he is currently eligible for parole.

Petitioner contends, in the alternative, that respondents' interpretation of § 858(a) is violative of his constitutional right to equal protection of the laws.

## III

■ The legislative history of § 858(a) does not indicate whether Congress intended for it to control the parole eligibility of military prisoners confined in federal penitentiaries. However, every case which the Court has been able to find has construed the statute to cover parole eligibility, e. g. *Koyce v. United States Board of Parole,* 113 U.S.App.D.C. 152, 306 F.2d 759 (D.C.Cir.1962); *O'Callahan v. Attorney General of the United States,* 230 F.Supp. 766 (D.Mass.1964), aff'd 338 F.2d 989 (1st Cir. 1964); *Mitchell v. Kennedy,* 232 F.Supp. 60 (D.Kan. 1964) Aff'd 344 F.2d 935 (10th Cir. 1965). Subsequent to these cases Congress has not amended § 858(a) in any way. This failure to amend subsequent to many court decisions construing the statute as applicable to parole eligibility strongly indicates that Congress intended § 858(a) to have the meaning attributed to it by respondents.

Such a construction is also supported by the language of a companion statute. 10 U.S.C. § 952 provides that:

"The Secretary [of the Army] may provide a system of parole for offenders who are confined in military correctional facilities . . . ."

This statute conspicuously omits military prisoners confined in federal penitentiaries from its coverage. The only logical explanation of this omission is that Congress considered the parole eligibility of such prisoners to already be governed by 18 U.S.C. § 4202, the statute applicable to federal prisoners.

---

**2.** 18 U.S.C. § 4202 provides that:

"A Federal prisoner, other than a juvenile delinquent or a committed youth offender, wherever confined and serving a definite term or terms of over one hundred and eighty days, whose record shows that he has observed the rules of the institution in which he is confined, may be released on parole after serving one-third of such term or terms or after serving fifteen years of a life sentence or a sentence of over forty-five years."

**3.** Army regulation AR 190–26 provides that persons sentenced by court-martial to a term in excess of thirty years are eligible for parole after serving ten years.

■ Based on both the language of 10 U.S.C. § 952 and the failure of Congress to amend § 858(a), the Court finds that § 858(a) does incorporate the federal parole eligibility standards of 18 U.S.C. § 4202.

## IV

■ Since petitioner's claim of eligibility for parole can not be disposed of by statutory construction, the Court must consider petitioner's constitutional argument. Petitioner contends that if § 858(a) is construed to incorporate the federal parole provisions of 18 U.S.C. § 4202, then he is being unreasonably discriminated against in violation of his Fifth Amendment right to equal protection.[4] A statute does not violate equal protection so long as there is some rational basis for the variation in treatment required by the statute,[5] *Frontiero v. Richardson,* 411 U.S. 677, 683, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973). Petitioner claims, however, that there is no rational basis for adding four years to his minimum term of confinement based solely on a change in his place of confinement.

The Court agrees with petitioner that there is no rational basis for the four year increase in his minimum term required by § 858(a). On the other hand, with regard to his "in-house" treatment, the Court can see some rational basis for requiring a military prisoner incarcerated in a federal penitentiary to be treated in the same general manner as other federal prisoners. Considerations of administrative convenience alone are sufficient to justify serving such a prisoner the same meals served to federal prisoners and subjecting him to the same disciplinary procedures. However, adminis-

trative considerations can not justify a variation in parole treatment, since parole eligibility has no relationship to the day-to-day operations of a penitentiary.

■ Since there is no rational basis for calculating petitioner's parole eligibility pursuant to the statute applicable to federal prisoners, 10 U.S.C. § 858(a) is unconstitutional. It unconstitutionally discriminates against petitioner by denying him the same parole treatment provided to military prisoners who are not transferred to a federal penitentiary. To provide petitioner equal protection of the laws his parole eligibility must be calculated in the same manner as these prisoners. The Court therefore finds that petitioner's parole eligibility should be calculated pursuant to the Army regulation and that he is therefore eligible for parole after serving ten years. Since petitioner has already served eleven years, he is currently eligible for parole consideration.

## V

Petitioner also contends that if the Court finds that his parole eligibility is properly calculated pursuant to the statute applicable to federal prisoners, then equal protection requires that his entitlement to credit for his pretrial incarceration also be calculated in the same manner as for federal prisoners, 18 U.S.C. § 3568. Since the Court has already determined that petitioner's parole eligibility should be calculated pursuant to the Army regulation, the Court need not consider this issue.

## CONCLUSION

The Court declares 10 U.S.C. § 858(a) to be unconstitutional and petitioner to

---

4. The Fifth Amendment contains no equal protection clause. However, the United States Supreme Court has held that the due process clause of the Fifth Amendment provides for equal protection of the laws to the same extent as the equal protection clause of the Fourteenth Amendment, *Weinberger v. Wiesenfeld,* 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975).

5. Discrimination based on race, alienage, and certain other "suspect classifications" are subject to "strict constitutional scrutiny". Such discrimination can be justified only if a compelling governmental interest is shown. In this case there has been no suggestion that a suspect classification is involved, so the "rational basis" test applies.

be currently eligible for parole consideration.

It is so ordered.