**Antonio Rafael de la COVA y GONZALEZ ABREU, Plaintiff,**

**v.**

**The UNITED STATES of America, et al., Defendants.**

**Civ. No. 85-0725 GG.**

United States District Court, D. Puerto Rico.

May 16, 1985.

---

Blas C. Herrero, Jr., Hato Rey, P.R., for plaintiff.

Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., for defendants.

## OPINION AND ORDER

GIERBOLINI, District Judge.

Petitioner, Antonio Rafael de la Cova y González Abreu, filed the present habeas corpus petition pursuant to 28 U.S.C. § 2241(c)(2) and (3),[1] alleging that he has been incarcerated without due process of law and in violation of his right of free speech and press as guaranteed by the First Amendment of the Constitution. Petitioner also asserts that the Warden of the State Penitentiary, acting under color of state law, has violated his constitutional right to due process of law as guaranteed by the Fourteenth Amendment. Specifically, as to the Warden, a cause of action is asserted pursuant to 42 U.S.C. § 1983.

The magistrate to whom this matter was referred rendered a report on April 3, 1985, recommending that the present petition be dismissed due to petitioner's failure to exhaust available administrative remedies. Petitioner has filed an opposition to the magistrate's report requesting, *inter alia,* that petitioner be placed under bail or supervision as provided by 18 U.S.C. § 4214(a)(1)(A)(ii), and that the conditions imposed by the Parole Commission be declared an unconstitutional abridgement of petitioner's First Amendment rights. Petitioner has also requested a *de novo* hearing before this court.

---

**1.** 28 U.S.C. § 2241 reads in part as follows:
(c) The writ of habeas corpus shall not extend to a prisoner unless—

\* \* \* \* \* \*

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or ...

A brief summary of the facts is necessary. Petitioner was convicted for conspiracy, civil rights violations, and for using explosive devices and destroying property. He was sentenced to fifteen years confinement by the United States District Court for the Southern District of Florida. Sentence was imposed on September 22, 1976 and on May 5, 1981, petitioner was released on parole. His release was subject to two conditions:

1. You shall not work/associate with any political group that could conceivably endanger your adjustment to supervision.

2. You shall not write any article in any local newspaper which might heighten awareness of political issues or situations for or against any given political government.[2]

On March 26, 1985, petitioner was arrested for violating the second condition of parole. He is presently incarcerated without bail at the Río Piedras State Penitentiary, San Juan, Puerto Rico.

 In *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court held that a parolee is constitutionally entitled to certain minimum due process protections before his parole may be revoked. Since the revocation of parole is not part of the criminal prosecution, the full panoply of rights accorded a defendant in such a proceeding does not apply to parole revocations. Due process only requires that an informal hearing be held which assures that the finding of parole violation be based on verified facts and that the exercise of discretion be informed by an accurate knowledge of the parolee's behavior. *Morrissey, supra,* at 480–484, 92 S.Ct. at 2599–2602. The parolee does not have a constitutional right to release or bail before a revocation hearing. *Galante v. Warden,* 573 F.2d 707, 708 (2d Cir.1977).

Specifically, the Parole Commission and Reorganization Act, 18 U.S.C. at §§ 4213–15, contains provisions concerning parole

revocation. Also, the United States Parole Commission has issued regulations governing revocation proceedings. *See* 28 C.F.R. § 2.44, et seq.

If a parolee is alleged to have committed a violation of his parole, the Commission under Section 4213 may either summon the parolee to a Section 4214 revocation hearing or issue a warrant and retake the parolee. *See* 28 C.F.R. § 2.44. If a parolee is retaken on a warrant issued by the Commission, he shall remain in custody until final action is taken regarding revocation of his release. *See* 28 C.F.R. 2.49(d). Section 4214(a)(1)(A) provides that a parolee is entitled to a preliminary hearing, at or reasonably near the place of the alleged parole violation or arrest, without unnecessary delay to determine if there is probable cause to believe that he has violated a condition of his parole. If probable cause is found to exist the Commission may restore the parolee to parole supervision subject to certain conditions delineated in Section 4214(a)(1)(A)(i-iv). However, if parole is revoked under Section 4214, the parolee may seek reconsideration before the regional commissioner and if the decision is adverse, it may be appealed to the National Appeals Board. *See* Section 4215.

 As stated earlier, petitioner was retaken on March 26, 1985. A preliminary hearing was scheduled for April 17, 1985 at which attorneys for petitioner as well as two United States Probation officers were present. Due to certain misunderstandings, the hearing was continued to April 25, 1985. Although 18 U.S.C. § 4214(c) requires the Commission to conduct a final revocation hearing within ninety days of petitioner's retaking (i.e., within ninety days of March 26, 1985), this period of time has not yet elapsed and petitioner must first exhaust his administrative remedies before habeas corpus relief may be sought in this court. *Guida v. Nelson,* 603 F.2d 261 (2d Cir.1979); *United States ex rel.*

---

**2.** Originally, only the first condition was imposed. The second condition was added on in 1983.

*Sanders v. Arnold*, 535 F.2d 848, 851 (3rd Cir.1976); *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir.1974).

■■■ Furthermore, the appropriate remedy for the failure to conduct a hearing under Section 4214 would be a writ of mandamus to compel the Commissioner's compliance and not a writ of habeas corpus to compel release on parole. *Sutherland v. McCall*, 709 F.2d 730 (D.C.Cir.1983). Absent prejudice or bad faith on the part of the Commission, immediate release from custody is not available for violation of Section 4214. *See Carlton v. Keohane*, 691 F.2d 992–993 (11th Cir.1982); *Lambert v. Warden, U.S. Penitentiary*, 591 F.2d 4, 7–8 (5th Cir.1979); *Smith v. United States*, 577 F.2d 1025, 1028–29 (5th Cir.1978).

These findings are clearly supported by the legislative history of the Parole Commission and Reorganization Act as reflected by the comments made by the chairman of the House and Senate Subcommittees concerning the consequences of the Commission's failure to act within the ninety day period:

> ... If a legal remedy is necessary in the absence of good faith effort on the part of the Commission, the remedy available to the prisoner or the parolee is to compel the decision, not release from custody. 122 Cong.Rec. S 2572, 2573 (daily ed. March 2, 1976) (remarks of Sen. Burdick).
>
> ... If the Commission fails to act in accordance with these deadlines, the ... parolee would not be automatically released ... but he could compel the Commission to make their decision promptly.... If for some reason they were unable to meet a time deadline, the ... parolee could solicit the assistance of the court under ... section 28 U.S.C. 1361.... 122 Cong.Rec. H 1499, 1500 (daily ed. March 3, 1976) (remarks of Rep. Kastenmeir).

It is evident that Congress intended to provide the Parole Commission with great latitude in making decisions concerning revocation. 18 U.S.C. § 4218(d) states that:

Actions of the Commission pursuant to paragraphs (1), (2) and (3) of Section 4203(b) shall be considered actions committed to agency discretion for purposes of section 701(a)(2) of Title 5, United States Code.

Section 4203(b)(3) provides in part:

The Commission ... shall have the power to

\* \* \* \* \* \*

(3) modify or revoke an order paroling any eligible prisoner.

5 U.S.C. § 701(a)(2), which deals with judicial review under the Administrative Procedure Act (APA), states that "This chapter applies ... except to the extent that ... (2) agency action is committed to agency discretion by law." The end result of Section 4218(d) is to insulate all Commission decisions relating to parole revocation from judicial review under the APA.

■■■ However, this exclusion does not necessarily mean that habeas corpus relief could never be obtained; it only indicates such relief will be accorded under extremely limited circumstances. *Luther v. Molina*, 627 F.2d 71, 75–76 (7th Cir.1980). Although the writ of habeas corpus provides the means to secure release from illegal detention, *Preiser v. Rodríguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.2d 439 (1973), imprisonment of parolees pending revocation is committed to the Parole Commission's discretion and, as such, is generally regarded as legal. *Luther, supra*, at 76.

Furthermore, 28 U.S.C. § 2241(c)(3) expressly limits the grounds on which the writ may issue to release a federal prisoner. The writ of habeas corpus may not issue unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." In the present case, petitioner attacks the validity of his confinement due to certain conditions imposed by the Parole Commission which are violative of his First Amendment rights. We find no merit to petitioner's contentions.

■ Congress has vested in the Commission the sole power to grant or deny parole. *Timpani v. Sizer,* 732 F.2d 1043, 1047 2d Cir.1984). The Parole Commission has wide discretion to determine under what conditions an inmate is to be paroled. *Taylor v. Wood,* 458 F.2d 15 (9th Cir.1972); *O'Callahan v. Attorney General,* 338 F.2d 989 (1st Cir.1964), *cert. denied,* 381 U.S. 926, 85 S.Ct. 1563, 14 L.Ed.2d 685 (1965). The essence of parole is release from incarceration before the completion of sentence, on the condition that the prisoner abide by certain rules during the remainder of the sentence. To accomplish the purpose of parole, the parolees are subjected to specified conditions which substantially restrict their activities beyond the ordinary restrictions imposed by law on an individual citizen. *Morrissey, supra,* 408 U.S. at 478, 92 S.Ct. at 2598. This is so because a parolee enjoys only a conditional liberty properly dependent on observance of special parole restrictions. Typically, parolees may be forbidden to use liquor or to have associations or correspondence with certain categories of undesirable persons. Also, they may be required to obtain permission from their parole officers before changing employment or residence, marrying, acquiring or operating a motor vehicle or traveling. Additionally, parolees must report regularly to the parole officer to whom they are assigned. *See Morrissey, supra,* at 478, 92 S.Ct. at 2598. The conditions imposed serve the purpose of integrating the individual into society and places the parole officer in the position of guiding the parolee in his rehabilitation.

■ Since the petitioner in this case accepted parole subject to legally specified conditions, he is not now entitled to challenge the legality of his parole and thereby evade the consequences of the conditions he implicitly accepted. One who accepts release from confinement on parole does so subject to authorized conditions for release and for retaking for violation of the terms and conditions of release. *See O'Callahan, supra,* at 990.

■ Finally, petitioner has also requested that this court hold a *de novo* preliminary hearing and order the petitioner released on parole. However, as a statutory court, we lack authority to conduct such proceeding and to issue the order requested. Congress, in the proper discharge of its legislative functions, vested in the Parole Board and not in the courts the power and discretion to grant or deny parole. Of course, we have the authority to review a decision by the Board, where the issue has been properly brought before the court in an habeas corpus proceeding, which demonstrates an abuse of discretion on the part of the Board, resulting in an abridgement of petitioner's constitutional rights. *Clay v. Henderson,* 524 F.2d 921, 924 (5th Cir. 1975), *cert. denied,* 425 U.S. 995, 96 S.Ct. 2210, 48 L.Ed.2d 820 (1976). The only remedy which we can provide is to order the Board to correct the abuses or wrongful conduct within a fixed period of time, after which, in the case of noncompliance, a writ of habeas corpus could be issued to order the prisoner discharged from custody. However, only under very extreme circumstances, would release, outright or on bail, be necessary or appropriate to fully effectuate the habeas remedy. To proceed as requested by petitioner under the circumstances present here, would constitute a usurpation of the authority Congress has delegated to the Commission.[3]

Wherefore, in view of the foregoing, the Magistrate's Report and Recommendation is affirmed and petitioner's request for a writ of habeas corpus is hereby denied.

The clerk shall enter judgment dismissing the present action.

SO ORDERED.

---

**3.** Petitioner also seeks a determination that he is entitled to immediate release from imprisonment under 42 U.S.C. § 1983. Inasmuch as this remedy is subsumed in his petition for habeas corpus, we need not entertain this claim.